UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO DE LA ROSA TORRES (A-222-557-403) and ALEJANDRO JAILINN DE LA ROSA TORRES (A-222-557-404), | No.  1:26-cv-4884 TLN CSK |
| Petitioners, | ORDER |
| v. | |
| TODD HUDSON, WARDEN, MESA VERDE DETENTION CENTER, et al., | |
| Respondents. | |

Petitioners, immigration detainees proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioners paid the filing fee.  Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.  As discussed below, this Court finds that the claims of petitioners should be severed.

I.      **GOVERNING STANDARDS**

Under Rule 20(a)(1) of the Federal Rules of Civil Procedure,

Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

1

> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). "Even once these requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting Desert Empire Bank v. Insurance Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980)). "Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense." Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997) (citation omitted). District courts retain broad discretion in applying and considering Rule 20. See Coleman, 232 F.3d at 1296-1297; Colors of India v. Nielsen, 2018 WL 6430118, at *3-4 (C.D. Cal. Oct. 19, 2018). When considering Rule 20 in the habeas context, district courts have varied in their approach.

"The Habeas Rules do not specifically address whether individuals may jointly file a habeas petition." Hernandez v. Janecka, 2026 WL 734524, at *4 (C.D. Cal. Mar. 4, 2026). Some courts have found that "there is no authority for permitting multiple petitioners to file a single habeas petition . . . and doing so generally is not permitted." See Acord v. California, 2018 WL 347770, at *1 (E.D. Cal. Jan. 10, 2018) (recommending dismissal of multiple petitioners in 28 U.S.C. § 2254 context and collecting cases). Other courts have held that

> given the extremely high volume of immigration habeas cases in this District and the similarity of issues in hundreds of cases, judicial economy weighs heavily in favor of permitting similarly situated petitioners to join in a single action when respondents do not point to any relevant factual or legal distinctions between the petitioners' claims.

See Singh v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-0353 KES EPG, 2026 WL 388738, at *1-2 (E.D. Cal. Feb. 11, 2026) (denying respondents' motion to sever and to dismiss for improper joinder and finding multiple petitioners supported by the factual circumstances).

If claims are misjoined, dismissal is not appropriate. Fed. R. Civ. P. 21. Rather, the court may, on motion or sua sponte, "add or drop a party," or "sever any claim against a party." Id.

2

## II. DISCUSSION

This Court has determined that each petitioner should proceed separately on his own claims. Petitioner's counsel identified facts applicable to both petitioners. (ECF No. 1 at 9-10.) Petitioners are brothers who were taken into the custody of Immigration and Customs Enforcement ("ICE") at the same encounter on March 27, 2026, in West Valley City, Utah, and are both presently confined at the California City Immigration Processing Center. (ECF No. 1 at 7-8, 9.) Prior to said encounter, neither petitioner had prior contact with immigration officials, having entered the United States without inspection. (Id. at 9.) However, both petitioners entered the United States on different dates and, while living in Utah, also sustained misdemeanor convictions for possession of a controlled substance (marijuana/spice) on different dates. Further, petitioners acknowledge that respondents will contend that petitioners are subject to mandatory detention under 8 U.S.C. § 1226(c). (ECF No. 1 at 11.) Given the complexities that arise in analyzing claims under § 1226(c), as well as addressing controlled substances as charged under Utah state law, the Court finds that the claims should be severed.

Accordingly, the Court orders that petitioners' claims be severed. Petitioner ARTURO DE LA ROSA TORRES (A-222-557-403) will proceed in this action, while petitioner ALEJANDRO JAILINN DE LA ROSA TORRES (A-222-557-404) will proceed in a civil action to be opened by the Clerk of the Court. Each petitioner will proceed with his own action.

The Clerk of the Court is directed to assign the new action to the same district judge and magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Once the new case has been opened, this Court will issue a briefing order in both cases.

## III. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The claims of petitioner ALEJANDRO JAILINN DE LA ROSA TORRES (A-222-557-404) are severed from the claims of petitioner ARTURO DE LA ROSA TORRES (A-222-557-403).

2. Petitioner ARTURO DE LA ROSA TORRES (A-222-557-403) shall proceed as the

sole petitioner in case No. 1:26-cv-4884 TLN CSK;

   3. The Clerk of the Court is directed to:

      a. Open a separate civil action for petitioner ALEJANDRO JAILINN DE LA ROSA TORRES;

      b. Assign the new action to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

      c. File and docket a copy of this order in the file opened for petitioner ALEJANDRO JAILINN DE LA ROSA TORRES;

      d. Place a copy of the petition filed June 25, 2026, in the file opened for petitioner ALEJANDRO JAILINN DE LA ROSA TORRES;

      e. Strike from the caption of each petitioner's complaint the name of the other petitioner.

Dated:  July 1, 2026

_____

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/dela4884.2241.imm.sever