UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALEJANDRO JAILINN D.L.R.T.,[1]

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-5077-TLN-CSK

A# 222-557-404

**RELEASE ORDER**

Petitioner, an immigration detainee proceeding through counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 14, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 10.) Neither party filed objections to the findings and recommendations.

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

The Court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Having carefully reviewed the entire file, the Court finds the magistrate judge's findings and recommendations to be supported by the record and by proper analysis. However, the Court finds the appropriate relief is Petitioner's immediate release from custody, rather than the bond hearing recommended by the magistrate judge. (*See* ECF No. 10 at 5.)

"Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004)); *see Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the traditional function of the writ is to secure release from illegal custody."); *Pinson v. Carvajal*, 69 F.4th 1059, 1070 (9th Cir. 2023) ("the history of habeas corpus demonstrates why release from confinement is the only available remedy for claims at the writ's core[.]"). This Court has routinely ordered the release of individuals detained in violation of the Immigration and Nationality Act ("INA"). *See*, *e.g.*, *Dinesh S. v. Chestnut*, No. 1:26-CV-01717-TLN-EFB, 2026 WL 1028016, at *2–3 (E.D. Cal. Apr. 16, 2026) (ordering release where petitioner's detention violated the INA); *see also Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (same); *A.E.R.T. v. Wofford*, No. 1:25-CV-01824-KES-SKO, 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025) (same).

As the magistrate judge correctly found, Petitioner's civil immigration detention violates 8 U.S.C. § 1226(a). (ECF No. 10 at 4.) Section 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). Despite these statutory obligations, Petitioner claims Respondents "denied [him] any opportunity to seek release on bond before an Immigration Judge." (ECF No. 1 at 10.) Indeed, Respondents have provided no such hearing in over three months of detention. Respondents also do not contend

that Petitioner is a danger to the community. (ECF No. 7.) Therefore, based on the statutory violation here, continuing over three months of detention, the appropriate remedy in this case is not to bring the government into conformity with its governing statutes; it is to release Petitioner from unlawful custody. *See Dinesh S.*, 2026 WL 1028016, at *3 (citing *Quijada Cordoba v. Knight*, 809 F. Supp. 3d 1110, 1122 (D. Idaho 2025) (ordering release of detainee challenging his detention without a bond hearing and collecting cases); *Briceno Solano v. Mason*, No. 2:26-CV-00045, 2026 WL 311624, at *20 (S.D.W. Va. Feb. 4, 2026) (ordering release and rejecting the Government's argument that a bond hearing is the appropriate remedy)).

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 10) are ADOPTED IN PART.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED on the statutory claim (claim one).

3. Respondents must IMMEDIATELY RELEASE Petitioner Alejandro Jailinn D.L.R.T. (A# 222-557-404) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions.

4. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present.

5. The Clerk of Court is directed to serve this Order on **California City Detention**.

6. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

///

///

IT IS SO ORDERED.

DATE: September 8, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE